UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| DARRELL HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-205 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| UNKNOWN EBERHARDT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff is incarcerated in the Oaks Correctional Facility ("ECF").   In his *pro se* Complaint, he sues the following ECF employees:  Warden C. Curtin; Deputy Warden M. Curley; Assistant Deputy Wardens (unknown) Panzer and D. Pratt; Inspector S. Brewer; Grievance Coordinator S. Pelton and Hearing Investigator M. McDonald.  Plaintiff also sues Michigan State Police Detective (unknown) Eberhardt.

Plaintiff's Complaint concerns his classification to administrative segregation.[1]  On December 20, 2005, Defendant Brewer prepared a "Notice of Intent" ("NOI") to classify Plaintiff to administrative segregation.  According to the notice, Brewer was contacted by Defendant Eberhardt, who indicated that Plaintiff was the primary suspect in an active homicide investigation. Pursuant to MICH. DEP'T. OF CORR., Policy Directive 04.05.120(H)(4), a prisoner may be classified to administrative segregation if "[t]he prisoner is under investigation by an outside authority for suspected felonious behavior."  Following an administrative hearing held on January 4, 2006, the hearing officer upheld the NOI and ordered that Plaintiff was to remain in administrative segregation pending the outcome of the state police investigation.  As a result of the hearing officer's decision, Plaintiff claims that Defendants Panzer and Curley reclassified him to administrative segregation on January 5, 2006.

On January 18, 2006, Plaintiff filed a Step I grievance (ECF 06-01-104-27A) challenging his placement in administrative segregation.  *See* MICH. DEP'T OF CORR., Policy

---

[1]The Michigan Department of Corrections employs the following security classifications, from least to most secure: Levels I, II, III, IV, V, VI, and segregation.  MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ H (effective Mar. 1, 2004).  Administrative segregation is the most restrictive level of security classification.  MICH. DEP'T OF CORR., Policy Directive 04.05.120, ¶ H (effective Mar. 27, 2006).

Directive 03.02.130 (Grievance Policy) (prisoners may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement").  Defendant Pelton rejected the grievance because decisions made by hearing officers of the Hearings and Appeals Division of the Office of Policy and Hearings are non-grievable under the Grievance Policy.  Defendant Curtin upheld Defendant Pelton's decision at Step II of the grievance process.  Plaintiff alleges that he also sent correspondence to Defendants Pratt, Panzer, Curley and Curtin claiming that he had been placed in administrative segregation without a legitimate security justification, but they failed to address Plaintiff's concerns.

Plaintiff claims that he attempted to appeal the decision of the hearing officer, but was denied an appeal application and hearing package by Defendant McDonald.  Plaintiff filed a Step I grievance (ECF 06-02-172-07F) against Defendant McDonald on February 1, 2006.  According to the Step I and II responses, a hearing packet was mailed to Plaintiff on February 6, 2006.  In his Step II and III appeals, Plaintiff claims that he never received the packet and that his time for appealing the decision to the Office of Policy and Hearing had expired.

Plaintiff claims that Defendant Eberhardt violated his Fourteenth Amendment due process rights by his "reckless and retaliatory actions in harassing him [Plaintiff]."  Plaintiff further alleged that Defendants Panzer, Pratt, Curley, Brewer and Curtin violated his Fourteenth Amendment due process rights by classifying him to administrative segregation without a legitimate security justification.  In addition, Plaintiff claims that Defendants Pelton and Curtin violated his First and Fourteenth Amendment rights by failing to handle his grievances in accordance with the Grievance Policy.  Finally, Plaintiff claims that Defendant McDonald violated his due process rights by failing to provide him with the required appeal application and hearing package.

For relief, Plaintiff seeks injunctive relief, as well as compensatory damages of $10,000 and punitive damages of $15,000 from each Defendant.

II.     Failure to State a Claim[2]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Panzer, Pratt, Curley, Brewer and Curtin violated his Fourteenth Amendment due process rights by classifying him to administrative segregation without a legitimate security justification. The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the

_____

[2]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff filed two grievances concerning his claims, although it is unclear whether he properly exhausted his claims as to each of the named Defendants through the MDOC's three-step prison grievance process. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003). Regardless, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to exhaust any available administrative remedies.

- 4 -

Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause.  According to *Sandin*, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 484.  The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the conditions of segregation at issue in that case did not impose an atypical and significant hardship.  *Id.*; *but see Wilkinson v. Austin*, 125 S. Ct. 2384 (2005) (placement in Ohio "supermax" facility sufficiently atypical to implicate due process under *Sandin*).  The Sixth Circuit repeatedly has held that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest.  *See, e.g., Jones v. Baker*, 155 F.3d 910, 911 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Underwood v. Luoma*, 107 Fed. Appx. 543, 545 (6th Cir. 2004).

Plaintiff does not allege that the conditions of confinement in administrative segregation at ECF impose an "atypical and significant" hardship in relation to the ordinary incidents of prison life.  Accordingly, Plaintiff fails to state a due process claim arising from his classification to administrative segregation.  Moreover, in this case, Plaintiff received a NOI and an administrative hearing pursuant to MDOC policy.  Plaintiff, therefore, received minimal due process protections before being classified to administrative segregation.  Plaintiff also claims that Defendant McDonald violated his due process rights by failing to timely provide him with the necessary documents to appeal the decision of the hearing officer upholding the NOI to classify him to administrative segregation.  Because Plaintiffs' classification to administrative segregation fails to implicate a liberty interest,  he fails to state a due process claim against McDonald.

- 5 -

In addition, Plaintiff claims that Defendants Pelton and Curtin violated his First and Fourteenth Amendment rights by failing to handle his grievances in accordance with the Grievance Policy. Defendants' alleged failure to comply with the administrative rules does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). The Sixth Circuit and other federal circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)*; Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. In light of the foregoing authority, Plaintiff's allegations that Defendants failed to handle his grievances in accordance with the Grievance Policy fails to state a claim of constitutional dimension.

Plaintiff further contends that Defendant Eberhardt violated his Fourteenth Amendment due process rights by his "reckless and retaliatory actions in harassing him [Plaintiff]." Plaintiff appears to be referring to the ongoing homicide investigation by the state police, which has resulted in Plaintiff's placement in administrative segregation. While Plaintiff generally asserts "retaliation," he fails to allege any facts to support such a claim. In order to set forth a retaliation

claim, a prisoner must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Plaintiff has  failed to allege that he was engaged in protected conduct or that Defendant Eberhardt implicated Plaintiff as a suspect in the homicide investigation to deter Plaintiff from engaging in that conduct.  Plaintiff, therefore, fails to state a claim against Defendant Eberhardt.

## Conclusion

Having conducted the review now required by the PLRA, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion shall enter.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:                RICHARD ALAN ENSLEN
    May 9, 2006                          SENIOR UNITED STATES DISTRICT JUDGE